8

**In re DOSS.**

Court of Common Pleas,
Cuyahoga County,
Juvenile Division.

No. 9401518.

Decided May 11, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Gary DeRocco* and *Eleanor Hilow,* Assistant Prosecuting Attorneys, for the state.

*Brian Kraig* and *Scott Rumizen,* for Ivery Doss.

PETER M. SIKORA, Judge.

This matter came on for consideration this 21st day of April, 1994, upon the motion of counsel for the alleged delinquent child for sanctions due to the prosecution's failure to comply with a court order granting the alleged delinquent's motion to compel discovery.

## FACTS

A delinquency complaint alleging the offense of murder was filed in this case by the Cleveland Police Department. The Cuyahoga County Prosecutor's Office filed a Juv.R. 30 motion to transfer the proceedings to the criminal court.

Counsel for the child, Ivery Doss, filed a request for discovery and, allegedly having received no response to his request, filed a motion to compel discovery, which the court granted. However, due to the prosecution's alleged failure to provide such discovery, counsel for the child filed the within motion for sanctions.

## DISCUSSION

■ Discovery in juvenile delinquency proceedings is governed by R.C. 2151.-352 and Juv.R. 24. The statute limits discovery to "[a]ny report * * * which is used in the hearing and is pertinent thereto * * *." While the rule is generally more expansive than the statute, the nature of the proceedings for which discovery is sought is relevant in determining the extent to which discovery will be granted.

■ A preliminary hearing in a Juv.R. 30 transfer proceeding is clearly not adjudicatory in nature; the sole issue before the court is to determine if there is probable cause to believe that a child fifteen or more years of age committed the act alleged and that such act would be a felony if committed by an adult (Juv.R. 30[A]). Moreover, jeopardy does not attach to a probable cause determination made at a Juv.R. 30 preliminary hearing. See Breed v. Jones (1975), 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346. Therefore, it appears that in such a preliminary hearing, the state need not provide as full a discovery as that required for an adjudicatory hearing conducted under Juv.R. 29.

■ However, that issue need not be decided in this case because it is apparent from the facts of the case that justification exists for limiting the discovery authorized by Juv.R. 24(A). Juv.R. 24(B) provides:

"[T]he court may deny, in whole or part, or otherwise limit or set conditions on the discovery * * *, upon its own motion, or upon a showing by a party upon whom a request for discovery is made that granting discovery may * * * impede the criminal prosecution of a minor as an adult or of an adult charged with an offense arising from the same transaction or occurrence."

Five individuals have been formally charged with offenses arising from the same transaction or occurrence which forms the basis of the complaint filed in the within action. One of these individuals is a fourteen year old who is not subject to a Juv.R. 30 transfer proceeding; two of the individuals are fifteen and seventeen year olds for whom transfer proceedings are pending; two of the individuals are adults awaiting trial in the General Division of the Cuyahoga County Common Pleas Court. The court finds that granting full discovery in the case at bar may impede the criminal prosecution of the adult co-defendants, as well as the potential criminal prosecution of the child and his alleged co-delinquent.

## ORDER

It is, therefore, ordered that this court's order granting the child's motion to compel discovery is hereby modified in the following respects:

1. Pursuant to R.C. 2151.352 and Juv.R. 24(A) and (B), the Cuyahoga County Prosecutor's Office is to provide to the child's counsel the names, addresses, and oral and written statements of only those witnesses whom it intends to call at the preliminary hearing, and any photographs, physical evidence, and scientific or other reports which it intends to introduce at the hearing.

2. If probable cause is established at the preliminary hearing, the Cuyahoga County Prosecutor's Office is to immediately provide to the child's counsel all discovery governed by Crim.R. 16. If probable cause is established at the preliminary hearing and the child is found amenable to juvenile court jurisdiction at the subsequent transfer hearing, or if probable cause is not established at the preliminary hearing, the court will determine whether additional discovery under Juv.R. 24(A) is to be provided by the Cuyahoga County Prosecutor's Office.

3. The motion for sanctions filed by counsel for the child is held in abeyance pending the Cuyahoga County Prosecutor Office's compliance with the within orders.

*So ordered.*