**In re K.W.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Division.

No. 9402098.

Decided Oct. 2, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Allison Little,* Assistant Prosecuting Attorney, for the state.

*Kenneth A. Bossin,* for K.W.

---

PETER M. SIKORA, Judge.

This matter came on for consideration upon the motion of the Cuyahoga County Prosecutor's Office to reconsider a prior decision of this court finding the child herein to be amenable to the care and rehabilitation of the juvenile justice system pursuant to Juv.R. 30(D)(1).

## I.  FACTS

On February 7, 1994, the East Cleveland Police Department filed a delinquency complaint against K.W., age seventeen, alleging that he had committed the offense of aggravated robbery, an aggravated felony of the first degree if committed by an adult.  A motion to transfer the child to the criminal court for prosecution as an adult was subsequently filed by the Cuyahoga County Prosecu-

tor's Office. Pursuant to R.C. 2151.26(A)(1) and Juv.R. 30(A), on October 19, 1994, the court conducted a preliminary hearing to determine if there was probable cause to believe that K.W. committed the alleged felony offense. At the hearing the parties stipulated that K.W. was a child over the age of fifteen and under the age of eighteen at the time that the offense was allegedly committed, and that the offense would be a felony if committed by an adult. After hearing the testimony, the court found that probable cause existed and continued the matter for an amenability hearing under R.C. 2151.26(A)(1) and Juv.R. 30(D). On December 8, 1994, the court found that the child was amenable to care and rehabilitation in the juvenile justice system and continued the case for an adjudicatory hearing pursuant to Juv.R. 29. The child was then released from secure detention pending the adjudicatory hearing and placed on home detention with an electronic monitoring device.

Although he received written notice, K.W. failed to appear for the adjudicatory hearing scheduled for March 9, 1995, and a warrant for his arrest was issued. K.W., having turned age eighteen during the pendency of the proceedings, was eventually arrested as an adult for the offense of carrying a concealed weapon. After posting bond in his adult case, K.W. was placed back into secure detention in the Cuyahoga County Juvenile Detention Center with respect to the within case. Less than one week later he escaped from the Detention Center, only to be eventually rearrested as an adult for new offenses of receiving stolen property and carrying a concealed weapon, both of which are felonies. Subsequent to this arrest, the Cuyahoga County Prosecutor's Office filed a motion with this court requesting reconsideration of the amenability finding previously made by the court.

## II.  *LAW AND DISCUSSION*

The sole issue in this case is whether the determination of amenability made pursuant to R.C. 2151.26(A)(1) and Juv.R. 30(D) may be reconsidered by the court, prior to an adjudicatory hearing, based on events occurring subsequent to the initial amenability determination.

Such reconsideration would not violate the Double Jeopardy Clause of the Fifth Amendment. The United States Supreme Court decided in *Breed v. Jones* (1975), 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, that the prosecution of a juvenile in an adult court after that person has been adjudicated delinquent in a juvenile court violates the Double Jeopardy Clause of the Fifth Amendment, as applied to the states through the Fourteenth Amendment. The court stressed in its decision that state laws could permit juvenile courts to consider "substantial evidence that [the child] committed the offense charged, so long as the showing is not made in an adjudicatory proceeding." *Breed,* 421 U.S. at 538, 95 S.Ct. at

1790, 44 L.Ed.2d at 360, fn. 18. The court reasoned that jeopardy attaches to juvenile court adjudicatory proceedings because the purpose of an adjudicatory hearing is to make final determinations as to whether the juvenile had committed the criminal offense alleged in the complaint.

Subsequent to *Breed,* the Sixth Circuit examined the Ohio bindover procedure in effect at the time and held that jeopardy attached to an adjudicatory hearing, but not to a preliminary or probable cause hearing. *Sims v. Engle* (C.A.6, 1980), 619 F.2d 598. More recent decisions interpreting the current bindover protocol contained in R.C. 2151.26 and Juv.R. 30 have also determined that jeopardy does not attach to a preliminary or probable cause hearing. *Keener v. Taylor* (C.A.6, 1981), 640 F.2d 839; *State v. Salmon* (May 21, 1981), Cuyahoga App. Nos. 43328 and 43329, unreported, 1981 WL 4980; *In re Doss* (1994), 65 Ohio Misc.2d 8, 640 N.E.2d 618.

In the case at bar, there has been no adjudication of delinquency, nor has an adjudicatory hearing been conducted. No final orders of any kind have been entered; only probable cause and amenability hearings have been held. The rationale of those cases holding that jeopardy does not attach to preliminary hearings at which probable cause is sought applies even more so to amenability hearings. Whereas probable cause hearings focus on the details of the offense, which remain relatively constant and fixed, amenability hearings focus on the characteristics of the offender, which are subject to fluctuation and change.

## III.  *HOLDING*

For the foregoing reasons, it is held that until the juvenile court either begins to hear evidence in an adjudicatory hearing or divests itself of jurisdiction by transferring the child for prosecution as an adult, the determination of the child's amenability is subject to reconsideration upon motion filed by a party. It is therefore ordered that the order of December 8, 1994, finding K.W. amenable to care and rehabilitation, is vacated and set aside. The court, having conducted a further amenability hearing in this matter in which additional testimony was taken, finds that the child herein is not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children, and that the safety of the community may require that the child be placed under legal restraint for a period extending beyond his majority. The court, upon due consideration, grants the motion to transfer jurisdiction of the child's case to the General Trial Division of Cuyahoga County Common Pleas Court for criminal prosecution.[1]

*Judgment accordingly.*

---

1.  See Bindover Order in the Appendix.

24

## APPENDIX

This matter came on for hearing this 3rd day of August, 1995, before the Honorable Peter M. Sikora upon the complaint of affiant alleging that child herein is a delinquent child of the age of 18 years. The court found that notice requirements have been met, and that all necessary parties were this day present in court.

This matter came on for reconsideration of amenability hearing. Upon conclusion of all the evidence relating to the motion to transfer jurisdiction for criminal prosecution and the arguments of counsel, on October 19, 1994 the court finds that child herein was 17 years of age at the time of the conduct charged, that there is probable cause to believe that the child has committed act(s) alleged in the complaint and that such acts, if committed by an adult, would constitute a felony. The [court] finds that probable cause was found on October 19, 1994. Upon conclusion of all the evidence relating to the motion to transfer jurisdiction for criminal prosecution and the arguments of counsel, the court finds that child herein was 17 years of age at the time of the conduct charged, that there is probable cause to believe that the child has committed act(s) alleged in the complaint and that such acts, if committed by an adult, would constitute a felony.

The court finds after a full investigation, including a mental and physical examination of said child made by a duly qualified person(s), and after full consideration of the child's prior juvenile record, efforts previously made to treat and rehabilitate the child, the child's family environment, the child's school record, and other matters of evidence, that there are reasonable grounds to believe that the child herein is not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children, and that the safety of the community may require that the child be placed under legal restraint for a period extending beyond his majority. The court further makes the following specific finds of fact: (1) [Flouting] previous court orders. (2) Nature of offense. (3) Gang involvement. (4) Conduct since this court's finding of amenable to the juvenile system.

The court, upon due consideration, grants the motion to transfer jurisdiction of the child's case to the General Trial Division of Cuyahoga County Common Pleas Court for criminal prosecution of the case. It is, therefore, ordered, adjudged and decreed that pursuant to Ohio Juvenile Rule 30 and Ohio Revised Code Section 2151.26, the matter herein is transferred to the General Trial Division of the Cuyahoga County Common Pleas Court for further proceedings pursuant to law. It is ordered that the order of December 8, 1994 finding the child amenable is vacated and set aside.

It is further ordered that child herein may be released pending trial upon entering into a recognizance bond with good and sufficient surety in the sum of

$25,000.00 (no 10%) for his appearance before the Cuyahoga County Court of Common Pleas, General Trial Division, at such time as may be fixed by that court. It is ordered that the child is released to the sheriff's department for transfer to county jail.