The STATE of Ohio, Appellee,

v.

PAYNE, Appellant.

[Cite as *State v. Payne* (1997), 118 Ohio App.3d 699.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–96–40.

Decided March 13, 1997.

*Paul F. Kutscher, Jr.,* Seneca County Prosecuting Attorney, and *Elaine J. Knutson,* Assistant Prosecuting Attorney, for appellee.

*Gene P. Murray,* for appellant.

---

HADLEY, Judge.

Defendant-appellant, Andre I. Payne, appeals the judgment of the Seneca County Common Pleas Court following a jury trial finding him guilty of two counts of felonious assault in violation of R.C. 2903.11(A)(2). Appellant sets forth two grounds for his appeal. First, he alleges the judgment against him is void *ab initio* on the basis that the Seneca County Common Pleas Court did not have subject matter jurisdiction over the case. Secondly, appellant contends that the judgment against him is void *ab initio* on the basis that the Seneca County Common Pleas Court subjected him to double jeopardy in violation of the United States and Ohio Constitutions. For the reasons that follow we overrule appellant's assignments of error and affirm the judgment of the trial court.

Appellant's convictions arise from an incident which occurred on November 30, 1995, in Fostoria, Ohio. While attending an unsupervised party of juveniles, sixteen-year-old Andrew Grine suffered a slashing knife wound to his face. The cut extended from the victim's left ear to the corner of the left side of his mouth. After interviewing the victim and other juveniles who witnessed the attack, Sergeant Charles Gerritsen of the Fostoria Police Department signed a complaint on December 26, 1995, alleging that appellant, a seventeen-year-old, was a delinquent child pursuant to R.C. 2151.02 for violating R.C. 2903.11(A), the statute prohibiting felonious assault.

On March 8, 1996, the state of Ohio filed a motion pursuant to R.C. 2151.26 to transfer appellant's case to the Seneca County Common Pleas Court, Criminal Division, for prosecution as an adult. On April 29, 1996, the Seneca County Juvenile Court held the preliminary hearing regarding appellant's bindover to common pleas court. Having found probable cause, and subsequently finding that the appellant was not amenable to rehabilitation as a juvenile, the juvenile court relinquished exclusive jurisdiction to the Seneca County Common Pleas Court for prosecution.

Appellant was indicted on two counts of felonious assault on June 6, 1996, in violation of R.C. 2903.11(A)(2) and 2903.11(A)(1). On July 16, 1996, after a two-day trial, appellant was convicted of both counts of felonious assault. Appellant is currently serving a sentence of three to fifteen years in a state correctional facility.

This appeal follows with appellant asserting two assignments of error. In his first assignment of error [1] appellant alleges that his judgment of conviction and sentence is void *ab initio* because the common pleas court lacked subject matter jurisdiction to hear the case. Appellant's belief that the common pleas court lacked jurisdiction is based on the assertion that the juvenile court had no authority to bind the appellant over to common pleas court. In appellant's Juv.R. 30 preliminary hearing the juvenile court judge stated:

"[T]he court is of the opinion that there * * * has been probable cause shown as required by the State.

"[T]here is no question in this Court's mind it [the offense] did occur and that Andre Payne was the one that did it. * * * [C]ertainly has been proved beyond a reasonable doubt. All right. Its been proven as required by law in a preliminary hearing in this matter that there is probable cause."

The juvenile court judge, appellant contends, cannot hold a Juv.R. 30 amenability hearing after stating in the preliminary hearing portion of the bindover proceedings that the court found that appellant committed the offense beyond a reasonable doubt. Appellant asserts that to allow the juvenile court judge to hold an amenability hearing after finding the appellant guilty beyond a reasonable doubt in an evidentiary hearing would unfairly prejudice appellant, denying appellant a fair and impartial amenability hearing. The failure to have a fair and impartial amenability hearing, appellant contends, prevents the court from properly binding appellant over to the common pleas court. Thus, a verdict reached by the common pleas court would be without subject matter jurisdiction and is void *ab initio*.

Ohio statutory law permits a juvenile court to waive exclusive jurisdiction over a juvenile fifteen years old or older and transfer the juvenile to criminal court for prosecution. R.C. 2151.26; Juv.R. 30. Before a transfer to criminal court takes place, the juvenile court conducts a preliminary hearing in which the

---

1. Appellant's first assignment of error states: "The criminal court's judgments and sentence are void ab initio, as the criminal court lacked subject matter jurisdiction over the juvenile appellant, due to an improper relinquishment of jurisdiction from the juvenile court, which had improperly already found that the juvenile appellant was proven to have committed the offense beyond a reasonable doubt, in an evidentiary hearing, in the juvenile court record of the case, and so rendering any subsequent transfer of jurisdiction improper.

"To wit, the transfer of jurisdiction was improperly affected and effected by the juvenile court's improper finding that the juvenile appellant was proven to have committed the offense beyond a reasonable doubt, which harmfully prejudiced the juvenile appellant's statutory right to a fair and impartial amenability hearing under O.R.C. § 2151.26(A)(1)(c) and Juv.R. 30(B) & (D), and which substantially violated the juvenile appellant's rights to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Article I, Section 16 of the Constitution of the State of Ohio."

court determines whether probable cause exists that the juvenile committed the alleged offense and that the offense would constitute a felony if committed by an adult. If probable cause exists, the juvenile court will continue the case for a full investigation. Before the case is transferred to criminal court the juvenile court must also hold a hearing to determine whether reasonable grounds exist demonstrating that the juvenile is not amenable to rehabilitative treatment as a juvenile. If the juvenile court binds the juvenile over to criminal court for prosecution as an adult, the order should not be reversed absent an abuse of discretion. *State v. Douglas* (1985), 20 Ohio St.3d 34, 37, 20 OBR 282, 284–285, 485 N.E.2d 711, 713; *State v. Watson* (1989), 47 Ohio St.3d 93, 95, 547 N.E.2d 1181, 1183–1184.

■ The issue of whether a juvenile court judge denied a juvenile a fair and impartial amenability hearing appears to be a case of first impression in this state. A juvenile has due process rights and a right to fair treatment in the bindover process from juvenile court to criminal court. *Kent v. United States* (1966), 383 U.S. 541, 562, 86 S.Ct. 1045, 1057–1058, 16 L.Ed.2d 84, 97–98. "[T]he juvenile should be afforded the traditional due process protections in judicial waiver proceedings enjoyed by adults accused of crime." *In re Snitzky* (1995), 73 Ohio Misc.2d 52, 57, 657 N.E.2d 1379, 1382, citing *People v. Hana* (1993), 443 Mich. 202, 228–229, 504 N.W.2d 166, 179 (Cavanaugh, C.J., dissenting). "[T]he [bindover] hearing must measure up to the essentials of due process and fair treatment." *Kent*, 383 U.S. at 562, 86 S.Ct. at 1057, 16 L.Ed.2d at 98; *In re Gault* (1967), 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 547–548.

■ "Due process demands that in any fair hearing accused persons are judged by an impartial body. Without the presence of an impartial decisionmaker, fair procedures are meaningless and an accused's due process rights are violated." *Manos v. Harter* (1995), 104 Ohio App.3d 430, 432, 662 N.E.2d 386, 388; *Moore v. Ohio* (1928), 118 Ohio St. 487, 161 N.E. 532, paragraph one of the syllabus.

As a prerequisite to transferring a juvenile to criminal court a juvenile court needs to find in an amenability hearing that "there are reasonable grounds to believe * * * [t]he child is not amenable to care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children[,] and * * * [t]he safety of the community may require that the child be placed under legal restraint for a period extending beyond the child's majority." Juv.R. 30(C)(1), (2).

■ In the present case, appellant asserts that the statement in the preliminary hearing proceedings in juvenile court by the judge that appellant committed the offense beyond a reasonable doubt removed any fairness or impartiality for that same judge to later determine appellant's amenability. We find, however,

that the judge's personal opinion as to whether a juvenile committed the offenses alleged is not related to whether the juvenile is amenable to rehabilitation. If, for instance, a juvenile in his preliminary hearing proceeding admits to committing a felony, he is not automatically bound over to the criminal court. The juvenile may admit to committing the offense as a plea bargain arrangement to keep the proceeding in the juvenile court system. The juvenile court judge must still evaluate the juvenile to determine his amenability to rehabilitation. The juvenile court judge may believe that the juvenile committed the offense, but that the juvenile is completely amenable to rehabilitation. The belief that a particular juvenile committed the alleged offense simply does not bear on whether that individual is amenable to rehabilitation.

■ Thus, a juvenile who is found to have committed the offense beyond a reasonable doubt or admits to having committed the alleged offenses in the Juv.R. 30 preliminary hearing, without more, receives a fair and impartial amenability hearing by the same juvenile court judge. Therefore, we find that appellant's due process rights were not violated, and appellant received a fair and impartial amenability hearing. Appellant's first assignment of error is overruled.

In appellant's second assignment of error, he contends that the judgment of conviction and sentence rendered by the Seneca County Common Pleas Court is void *ab initio* on the basis that jeopardy had attached and the court did not have subject matter jurisdiction over the case.[2] Appellant's assertion is based on the belief that jeopardy attached at the juvenile court level when the juvenile court judge found that appellant had committed the offense beyond a reasonable doubt in the Juv.R. 30 preliminary hearing.

■ The United States Court of Appeals, Sixth Circuit, in examining Ohio's juvenile bindover procedure, has held that jeopardy attaches to an adjudicatory

---

2. Appellant's second assignment of error states: "The criminal court's judgments and sentence are void ab initio, as the criminal court lacked subject matter jurisdiction over the juvenile appellant, on the grounds of double jeopardy, due to an improper relinquishment of jurisdiction from the juvenile court, which had improperly already found that the juvenile appellant was proven to have committed the offense beyond a reasonable doubt, in an evidentiary hearing, in the juvenile court record of the case, and so rendering any subsequent transfer of jurisdiction improper.

"To wit, the transfer of jurisdiction was improperly affected and effected, on grounds that the juvenile appellant had improperly already been jeopardized as a juvenile, by the juvenile court's improper expressed finding that the juvenile appellant was proven to have committed the offense beyond a reasonable doubt, thereby rendering any criminal proceedings null and void as being wrongfully held and collaterally estopped by a violation of the Double Jeopardy Clause of Article I, Section 10 of the Constitution of the State of Ohio, and by a violation of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, as applied to the states through the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States."

hearing where a juvenile is adjudged delinquent, but not to the preliminary or probable cause hearing. *Sims v. Engle* (C.A.6, 1980), 619 F.2d 598, 604. "Once the [j]uvenile [c]ourt, possessing the jurisdiction and power to enter final orders levying a wide range of possible sanctions, began a hearing, not limited in scope by statute to a preliminary or probable cause hearing, jeopardy attached and appellant possessed the constitutional right to have the [j]uvenile [c]ourt, as the original trier of fact, determine his fate." *Id.* at 605; *Breed v. Jones* (1975), 421 U.S. 519, 528–531, 95 S.Ct. 1779, 1785–1786, 44 L.Ed.2d 346, 354–357. "More recent decisions interpreting the current bindover protocol contained in R.C. 2151.26 and Juv.R. 30 have also determined that jeopardy does not attach to a preliminary or probable cause hearing." *In re K.W.* (1995), 73 Ohio Misc.2d 20, 23, 657 N.E.2d 611, 613; *Keener v. Taylor* (C.A.6, 1981), 640 F.2d 839, 841; *State v. Salmon* (May 21, 1981), Cuyahoga App. Nos. 43328 and 43329, unreported, 1981 WL 4980; *In re Doss* (1994), 65 Ohio Misc.2d 8, 10, 640 N.E.2d 618, 619. "A preliminary hearing in a Juv.R. 30 transfer proceeding is clearly not adjudicatory in nature; the sole issue before the court is to determine if there is probable cause to believe that a child fifteen or more years of age committed the act alleged and that such act would be a felony if committed by an adult. (Juv.R. 30[A] ). Moreover, jeopardy does not attach to a probable cause determination made at a Juv.R. 30 preliminary hearing." *In re Doss,* 65 Ohio Misc.2d at 10, 640 N.E.2d at 619.

■ A statement by a judge that the state met its burden of proving probable cause and, in addition, demonstrated the offender's guilt beyond a reasonable doubt in the preliminary hearing does not transform the evidentiary hearing to an adjudicatory hearing or trial. Appellant was not adjudged delinquent during the preliminary hearing, he was not subjected to any sanctions, nor was he otherwise punished in any way as a result of the judge's statement. The judge's statement was merely extraneous. As we found in appellant's first assignment of error, the juvenile was not prejudiced by the statement. Jeopardy simply did not attach during the preliminary hearing portion of his bindover proceedings. Thus, the Seneca County Common Pleas Court had subject matter jurisdiction over the matter. We, therefore, overrule appellant's second assignment of error.

Finding no abuse of discretion by the Juvenile Court, we affirm the judgment of the Seneca County Common Pleas Court and overrule appellant's assignments of error.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.