I concur in the ultimate result of this case, but write separately to voice concern with the manner in which the majority arrived at its conclusion.
First, the majority implies that due process is satisfied irrespective of whether or not an individual's opportunity to be heard is before a neutral panel. This is not my under standing of the law. Due process requires that one receive a fair opportunity to be heard. Bell v. Burson (1971), 402 U.S. 535,539; Jennings v. Mahoney (1971), 404 U.S. 25, 26; Fell v. Bureauof Mot. Vehicles (1972) 30 Ohio App.2d 151, 158. A fair opportunity to be heard necessarily encompasses a hearing before a neutral and impartial tribunal. Moore v. State (1928) 118 Ohio St. 487,490; State v. Knisley, (Aug. 18, 1995), Huron App. No. H-94-044, unreported.
In this case, however, appellant's only evidence that her Disciplinary Panel was tainted was an assertion that prior to the hearing Dean Miller told disciplinary board member Paul Yon, "* * * about the missing money. He mentioned [appellant's] name and pointed at her office." In my view, without more, this allegation does not constitute evidence that Yon's judgment was subverted.
Second, I do not believe that appellee Dennerll's statement that "It is the opinion of the Wood County Prosecutor, Alan Mayberry, that there is sufficient evidence to indict Geneva Long at this time." can be placed in context. Irrespective of whatever surrounds it, this statement is clearly an assertion that the county's prosecutor had a good faith belief that appellant was criminally culpable in this matter. This was either a deliberate lie or, at least, reckless disregard for the truth. In either event, it was not the benign missive portrayed by the majority.
Nevertheless, the disciplinary action taken against appellant was reviewed and affirmed by three separate bodies and found proper. Given this, I do not see how appellee Dennerll's statement resulted in any damage to appellant.