**In re A.M.**

Court of Common Pleas of Ohio,
Cuyahoga County, Juvenile Division.

No. 9710974.

Decided May 28, 1998.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Terrence Brennan*, Assistant Prosecuting Attorney, for the state.

*James A. Draper*, Cuyahoga County Public Defender, and *Christopher Scott Maher*, Assistant Public Defender, for A.M.

PETER M. SIKORA, Judge.

This matter came before the court on the 28th day of May 1998 upon the motion of the accused, now age nineteen, but age seventeen on the date of the alleged offense, for an order compelling the state of Ohio to provide the defense with discovery in the above-captioned juvenile proceeding. The defense seeks discovery for purposes of the probable cause hearing in the within "mandatory bindover" matter.

Due to the level of the charges, and the age of A.M. on the date of the alleged offenses, this court was required to set the matter for hearing pursuant to R.C. 2151.26(B) and Juv.R. 30, to determine whether probable cause exists to believe that the accused committed the acts alleged in the complaint. (R.C. 2151.26[B] is commonly referred to as the "mandatory bindover" provision.)

If probable cause is found, this court must waive jurisdiction and transfer the matter to the general division of the court of common pleas for prosecution as an adult.

## FACTS

On the 2nd of September 1997, the Cleveland Police Department caused to be filed a two-count complaint in the above-captioned matter, alleging A.M. to be a delinquent child by reason of alleged violations of R.C. 2911.01(A)(1), which prohibits aggravated robbery, a felony of the first degree. Both counts are accompanied by gun specifications.

Some months later, A.M. was apprehended regarding an unrelated matter, and on March 13, 1998, a request for discovery was filed on behalf of the former juvenile. The written request was duly served on the state, which subsequently refused to provide discovery on the matter, but did not petition the court for an order limiting discovery. The defense responded with a motion to compel discovery, filed and served on the 19th of March 1998. On March 31, 1998, the court entertained oral arguments on the issue of discovery, and the state was

granted leave to prepare a reply memorandum. Pursuant to a defense motion for reasonable bail, the court set bond at $10,000 cash or surety. On April 30, 1998, all memoranda relative to discovery, including supplemental briefs, were reviewed by the court, and following further oral argument, the motion to compel discovery was sustained.

When the state persisted in its refusal to provide discovery notwithstanding the order compelling discovery, defense counsel filed and served a motion for contempt upon the prosecutor's office on the 1st of May 1998. The defense further requested an order pursuant to Juv.R. 24(C) prohibiting the state from introducing any evidence at the probable cause hearing concerning matters on which the state had not provided discovery. The court overruled the motion for contempt, but sustained the motion pursuant to Juv.R. 24(C), and the state was therefore prohibited from introducing any such evidence. The state was unable to present evidence other than the age of A.M. at the time of the alleged offense, which was stipulated by defense counsel, and therefore the matter was dismissed.

## LAW

The issue presented before this court is whether the state must respond to requests by the defense for discovery, according to Juv.R. 24, in waiver of jurisdiction proceedings, pursuant to R.C. 2151.26(B) and Juv.R. 30, wherein transfer is sought to the general division of the court of common pleas for prosecution as an adult.

Juv.R. 24, which governs discovery in juvenile court proceedings, requires an opposing party to respond "promptly" to requests for discovery. The rule does not exclude from its ambit probable cause hearings pursuant to transfer matters. In fact, Juv.R. 24 contemplates discovery issues in such proceedings. Juv.R. 24(B) reads in part:

"[T]he court may deny, in whole or part, or otherwise limit or set conditions on the discovery * * *, upon a showing that * * * granting discovery may * * * impede the criminal prosecution of a minor as an adult or of an adult charged with an offense arising from the same transaction or occurrence."

Thus, Juv.R. 24(B) permits a party to seek from the juvenile court judge an order restricting discovery under certain circumstances. No such limiting order was sought herein by the state. Rather, the prosecution refused to provide any discovery, citing the purported policy of the prosecutor's office with regard to granting discovery to the defense for transfer hearings. The state further failed to petition for a protective order pursuant to Juv.R. 24(B), even subsequent to the defense motion to compel discovery.

The court finds no authority in the Juvenile Rules or the juvenile statutory scheme to support the state's contention that it may unilaterally decide what is, or is not, discoverable in a probable cause hearing.

Juv.R. 2(B) defines an "adjudicatory hearing," among other things, as a hearing to determine whether a child is "within the jurisdiction of the court." A probable cause hearing in a mandatory bindover proceeding is such a hearing.[1] Therefore, the discovery provisions of Juv.R. 24 apply.

Assuming *arguendo* that such a proceeding is NOT an adjudicatory hearing within the meaning of Juv.R. 2(B), the discovery provisions of Juv.R. 24 nevertheless apply to probable cause hearings in juvenile court mandatory bindover matters. Juv.R. 24 nowhere limits its application to adjudicatory hearings. In fact, the very language of Juv.R extends matters in which discovery may be sought to "hearings" and "proceedings." Juv.R. 2(O) defines a "hearing" as "any portion of a juvenile court proceeding before the court, *whether summary in nature or by examination of witnesses*." (Emphasis added.)

Therefore, a probable cause hearing to determine whether jurisdiction must be waived and the matter transferred to the general division is a "hearing" within the meaning of Juv.R. 2 and Juv.R. 24.

"There is no proceeding for adults comparable directly to the juvenile jurisdiction waiver hearing." *Kemplen v. Maryland,* (C.A.4, 1970), 428 F.2d 169, 173. Waiver of juvenile court jurisdiction is "a critically important action determining vitally important statutory rights of the juvenile." *Kent v. United States* (1966), 383 U.S. 541, 556, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84, 94. Accordingly, a bindover hearing "must measure up to the essentials of due process and fair treatment." *Id.* at 562, 86 S.Ct. at 1057, 16 L.Ed.2d at 98. Due process guarantees "notice and a *meaningful* opportunity to be heard." (Emphasis added.) *United States v. James Daniel Good Real Property* (1993), 510 U.S. 43, 62, 126 L.Ed.2d 490, 509, 114 S.Ct. 492, 505; *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 313, 94 L.Ed. 865, 872–873, 70 S.Ct. 652, 656–657; *Armstrong v. Manzo* (1965), 380 U.S. 545, 552, 14 L.Ed.2d 62, 66, 85 S.Ct. 1187, 1191; *In re Gault* (1967), 387 U.S. 1, 33, 18 L.Ed.2d 527, 549, 87 S.Ct. 1428, 1446.

The state's refusal to respond in any manner to the discovery request deprives the accused of a meaningful opportunity to reply to transfer motions. A complete lack of discovery reduces the ability of counsel to effectively prepare and present a defense.

In *State v. Crumedy* (Jan. 30, 1997), Cuyahoga App. No. 69183, unreported, 1997 WL 37790, the court of appeals held that a juvenile trial court did not abuse its discretion in denying a defense motion to compel discovery because such a

---

1. However, a probable cause hearing is not an adjudicatory proceeding to which jeopardy attaches, and therefore subsequent trial as an adult does not place the juvenile in double jeopardy. *Keener v. Taylor* (C.A.6, 1981), 640 F.2d 839, 22 O.O.3d 248.

decision was not arbitrary, unconscionable, or unreasonable. The court did not hold, however, that the state may refuse to comply with an order compelling discovery with impunity, nor did the court find that Juv.R. 24 has no application to probable cause hearings pursuant to waiver-of-jurisdiction matters. On the contrary, the court noted approvingly that the juvenile court judge "acting in accord with Juv.R. 24, overruled the appellant's motion to compel discovery." *Id.* at *3.

Further, this trial court has held that discovery could be limited in bindover proceedings under the circumstances set forth in Juv.R. 24(B). *In re Doss* (1994), 65 Ohio Misc.2d 8, 640 N.E.2d 618. It was not suggested that discovery could be completely abandoned in bindover proceedings, nor was it held that the state itself may determine when discovery may be limited under Juv.R. 24(B).

Juv.R. 24(B) provides the court with discretion to issue protective orders limiting discovery upon a showing of good cause. Based on the foregoing, the court holds that the state must respond to requests by the defense for discovery, according to Juv.R. 24, in waiver-of-jurisdiction proceedings, pursuant to R.C. 2151.26(B) and Juv.R. 30, wherein transfer to the general division of the court of common pleas for prosecution as an adult is mandatory upon a finding of probable cause.

SO ORDERED.

*Judgment accordingly.*