**In re HUNTER.**

Court of Common Pleas of Ohio,
Juvenile Division, Cuyahoga County.

No. 9813725.

Decided July 12, 1999.

*Terese M. Tiburzio*, Cuyahoga County Assistant Prosecuting Attorney, for plaintiff.

*John H. Lawson*, for alleged delinquent child.

JOSEPH RUSSO, Judge.

This matter is before the court on a motion to compel discovery filed by the juvenile pursuant to Juv.R. 24(B) on March 29, 1999. Oral arguments on the motion were held on April 13, 1999. This court denies the motion to compel discovery and holds that motions for discovery are to be filed in accordance with Juv.R. 22 prior to the adjudicatory hearing and that a probable cause hearing pursuant to R.C. 2151.26 and Juv.R. 30 is not an adjudicatory hearing as defined in Juv.R. 2.

## Facts

A complaint was filed in the Juvenile Division of the Court of Common Pleas, Cuyahoga County, Ohio, charging the alleged delinquent, Hunter, with murder in violation of R.C. 2903.02, an unclassified felony. The alleged act occurred on May 29, 1991; however, the complaint was not filed until October 22, 1998. The victim was in a coma for seven years and passed away in 1998. On November 9, 1998, the juvenile sent a request for discovery to the prosecutor's office. No discovery was provided to the juvenile, who then filed a motion to compel discovery.

*Discussion*

Discovery in juvenile cases is governed by Juv.R. 24. Any motion for discovery is to be heard before the adjudicatory hearing by a prehearing motion pursuant to Juv.R. 22(D)(4). All prehearing motions must be filed by the earlier of seven days before the adjudicatory hearing or ten days after the appearance of counsel pursuant to Juv.R. 22(E). *In re Dukes* (1991), 81 Ohio App.3d 145, 150, 610 N.E.2d 513, 516–517. There are appellate decisions in Ohio that hold that a motion to suppress evidence, considered a prehearing motion under Juv.R. 22(D)(3), is not timely filed and should not be heard prior to a preliminary hearing to determine probable cause pursuant to Juv.R. 30 and R.C. 2151.26, but should be filed and heard before an adjudicatory hearing. See *State v. Rainey* (July 3, 1996), Lorain App. No. 95CA006297, unreported, 1996 WL 365009; *State v. Whisenant* (1998), 127 Ohio App.3d 75, 711 N.E.2d 1016. The time for filing and hearing motions to suppress and motions for discovery are the same pursuant to Juv.R. 22(D) and (E).

The Ohio Supreme Court held in *State v. Mitchell* (1975), 42 Ohio St.2d 447, 71 O.O.2d 417, 329 N.E.2d 682, that motions to suppress evidence do not lie at preliminary hearings, but rather become ripe for determination only after arraignment and prior to trial. The court in *Mitchell* also stated that "preliminary hearings are not discovery proceedings * * *." *Id.* at 450, 71 O.O.2d at 419, 329 N.E.2d at 684. Even though the *Mitchell* case pertained to an adult preliminary hearing pursuant to Crim.R. 5, both Crim.R. 5 and Juv.R. 30 preliminary hearings are to determine if probable cause exists to a criminal act. In addition, Crim.R. 12(B), entitled "Pretrial motions," and Juv.R. 22(B) are very similar in substance and both rules pertain to motions to suppress and motions for discovery.

A preliminary hearing to determine probable cause pursuant to R.C. 2151.26 and Juv.R. 30 is not an adjudicatory hearing. Many Ohio appellate courts have held that bindover proceedings pursuant to R.C. 2151.26 and Juv.R. 30 are not adjudicatory hearings as defined by Juv.R. 2. See *Whisenant, supra; In re Willie Lee* (Dec. 17, 1992), Cuyahoga App. No. 63858, unreported, 1992 WL 390193; *In re Gilbert* (Mar. 31, 1981), Montgomery App. No. 6854, unreported; *State v. Riggins* (1980), 68 Ohio App.2d 1, 22 O.O.3d 1, 426 N.E.2d 504; *State v. Sims* (1977), 55 Ohio App.2d 285, 9 O.O.3d 417, 380 N.E.2d 1350; *In re Becker* (1974), 39 Ohio St.2d 84, 68 O.O.2d 50, 314 N.E.2d 158. The purpose of a bindover hearing is to determine jurisdiction; it is not an adjudicative hearing where the juvenile's guilt or innocence is at issue.

Juv.R. 2(B) defines "[a]djudicatory hearing" and lists the six most common types of cases in juvenile court. The phrase "otherwise within the jurisdic-

tion of the court" in Juv.R. 2(B) encompasses other categories of cases over which the court has jurisdiction under R.C. 2151.23. See Kurtz & Giannelli, Ohio Juvenile Law (1998) 576, Editor's Comment. The juvenile court does not have jurisdiction over a case that has been transferred to the general division. In fact, R.C. 2151.23(H) excludes bindovers and states in part that subsequent to the transfer, the court hears and determines the case in the same manner if the case originally had been commenced in that court. This implies that the court which is hearing the trial on the merits of a case should make the decision as to discovery issues and any other pretrial motion pursuant to Crim.R. 12 or Juv.R. 22.

The purposes of discovery rules are to prevent surprise and to produce a fair trial. See *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. The United States Supreme Court has held that "there is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey* (1977), 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42. It is without question that a juvenile's probable cause hearing must measure up to the essentials of due process and fair treatment; however, the hearing need not conform with all the requirements of a criminal trial, adjudicatory hearing, or administrative hearing. In addition, the juvenile need not be afforded all the rights that he/she may have for a trial. See *Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84; *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; *State v. Riggins* (1980), 68 Ohio App.2d 1, 22 O.O.3d 1, 426 N.E.2d 504.

In *Whisenant*, the appellate court stated that "fundamental fairness and due process are not violated by the juvenile court's failure to rule on or to suppress evidence * * * in this type of proceeding." *Whisenant*, 127 Ohio App.3d at 85, 711 N.E.2d at 1023. This reasoning should also apply to discovery motions and any other prehearing motion specified in Juv.R. 22.

At a probable cause hearing, the juvenile has the right to an attorney, to cross-examination; to present evidence, to remain silent, to inspect any exhibits prior to their introduction, and to receive proper notice and service prior to the hearing. The juvenile will ultimately obtain discovery under Crim.R. 16 or Juv.R. 24. A denial of the juvenile's motion to compel discovery at the probable cause hearing is therefore not prejudicial to the juvenile's right to a fair trial. *State v. Crumedy* (Jan. 30, 1997), Cuyahoga App. No. 69183, unreported, 1997 WL 37790.

The court in *Crumedy* held that it was not an abuse of discretion for the juvenile court to deny the motion to compel discovery pursuant to Juv.R. 24(B) and that there was no prejudice to the defendant since he received Crim.R. 16 discovery prior to the trial. *Id.* at 4. The appellate court in *Crumedy* did not

address the issue of whether Juv.R. 24 is applicable to bindover hearings even though it appears that the juvenile court judge found that Juv.R. 24 did not apply to probable cause bindover hearings pursuant to Juv.R. 30 and R.C. 2151.26. The juvenile court judge is quoted in the *Crumedy* decision, which in summary states that discovery issues deal with the trial itself but not the probable cause hearing. *Id.* at 3–4.

Juv.R. 24(B) reads in part that the court may deny or limit discovery upon a showing that granting discovery may impede the criminal prosecution of a minor as an adult or of an adult charged with an offense arising from the same transaction. This court finds that this situation applies when there is an adjudicatory hearing pending on a juvenile and that juvenile has a co-delinquent who has a pending bindover hearing and/or an adult co-defendant who has a trial pending. This was the factual situation in *In re Doss* (1994), 65 Ohio Misc.2d 8, 640 N.E.2d 618. This court finds that Juv.R. 24(B) is not applicable to preliminary hearings pursuant to Juv.R. 30(A) and R.C. 2151.26.

The Ohio Supreme Court in *State v. Douglas* (1985), 20 Ohio St.3d 34, 35, 20 OBR 282, 283–284, 485 N.E.2d 711, 712, stated that R.C. 2151.26 and Juv.R. 30 set forth the procedure to be followed by a juvenile court in a bindover situation. Adjudicatory hearings pursuant to Juv.R. 29 have their own procedures. To allow prehearing motions under Juv.R. 22 to be heard prior to a Juv.R. 30 preliminary hearing would be cumbersome and time-consuming upon the court and may lead to conflicting rulings on the motions. For example, the juvenile court may rule that certain evidence is exculpatory but, subsequent to the bindover, the general division court may rule that it is not exculpatory. Pretrial motions for discovery and suppression of evidence should be decided by the court which is to preside over the trial or adjudicatory hearing.

*Order*

Based on the foregoing, this court denies the juvenile's motion to compel discovery pursuant to Juv.R. 24(B) and holds that Juv.R. 24 motions for discovery are not timely and should not be heard prior to a preliminary hearing pursuant to Juv.R. 30 and R.C. 2151.26. Further, the court holds that motions for discovery are governed by Juv.R. 22 and are to be heard prior to an adjudicatory hearing pursuant to Juv.R. 29 and that a preliminary hearing to determine probable cause pursuant to Juv.R. 30(A) is not an adjudicatory hearing as defined in Juv.R. 2(B).

*Motion denied.*