**In re A.M., Appellee.**

[Cite as *In re A.M.* (2000), 139 Ohio App.3d 303.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74983.

Decided Sept. 5, 2000.

William D. Mason, Cuyahoga County Prosecuting Attorney, *Terrence M. Brennan* and *Kenneth J. Lusnia,* Assistant Prosecuting Attorneys, for appellant.

*James A. Draper,* Cuyahoga County Public Defender, *Darin Thompson* and *Christopher Scott Maher,* Assistant Public Defenders, for appellee.

---

KARPINSKI, Presiding Judge.

This case presents the question whether the prosecutor must respond to discovery requests made by a juvenile in preparation for the preliminary hearing in juvenile court that will determine whether there is probable cause to believe that the criminal charges filed against the juvenile must be bound over for prosecution as an adult pursuant to R.C. 2151.26(B). The juvenile court ordered the Cuyahoga County Prosecutor to respond to the juvenile's discovery requests. *In re A.M.* (1998), 92 Ohio Misc.2d 4, 699 N.E.2d 574. The prosecutor refused, arguing that the juvenile is not entitled to obtain any discovery in preparation for the mandatory bindover hearing.

We conclude that, in the absence of an order limiting discovery pursuant to Juv.R. 24(B), the juvenile is entitled to discovery which is coextensive with the issues that determine whether the juvenile must be bound over to the general division for prosecution as an adult. We therefore find that the trial court did not err in ordering the prosecutor to respond to the discovery requests propounded or in dismissing the matter without prejudice when the prosecutor refused to respond to the juvenile's discovery requests. Accordingly, we affirm the judgment.

The record reflects that on September 2, 1997, Cleveland police filed a two-count complaint against appellee A.M. in the Juvenile Division of the Cuyahoga County Common Pleas Court. The complaint alleged that A.M. was a delinquent child by reason of alleged violations of R.C. 2911.01(A)(1), aggravated robbery, a first degree felony. The complaint alleged that A.M. was over age sixteen but under age eighteen at the time of the offenses. Both counts contained firearm

specifications. A.M. was apprehended several months later on an unrelated matter.

On March 10, 1998, the juvenile court scheduled a probable cause hearing for March 31, 1998 to determine whether to transfer the matter to the general division of the common pleas court pursuant to R.C. 2151.26(B). On March 13, 1998, A.M., through his counsel, filed a request for discovery pursuant to Juv.R. 24(A). Because the prosecutor refused to provide the requested discovery, A.M. filed a motion to compel discovery on March 19, 1998. On March 31, 1998, the juvenile court heard oral arguments on the discovery issue and requested written briefs from the parties. On May 28, 1998, the juvenile court ruled that the state was required to respond to the discovery request pursuant to Juv.R. 24. See *In re A.M., supra.* When the prosecutor refused to provide discovery, the juvenile court dismissed the matter without prejudice on July 6, 1998, pursuant to Juv.R. 24(C).

The prosecutor appealed and asserted two assignments of error which, because they are closely related, will be addressed together. The prosecutor's assignments of error are as follows:

"I. The trial court erred as a matter of law when it ordered the state to provide discovery for a preliminary hearing in a mandatory transfer case when the Juvenile Rules do not require the prosecution to provide discovery in such hearings.

"II. The trial court's order compelling discovery is unreasonable and unconscionable because it orders the prosecution to give the accused more discovery than he is entitled to by the rules that ultimately govern this proceeding."

█ The issue presented is whether a juvenile is entitled to obtain discovery in preparation for the probable cause hearing that will determine whether the juvenile court retains jurisdiction over the matter or relinquishes jurisdiction to the general division for prosecution of the juvenile as an adult pursuant to R.C. 2151.26(B). The prosecutor argues that the juvenile court does not have authority to require the prosecutor to answer discovery requests before the preliminary hearing has occurred. The Cuyahoga County Juvenile Court has issued conflicting decisions on this issue. The trial court in this case ruled that the juvenile is entitled to discovery (see *In re A.M.* [1998], 92 Ohio Misc.2d 4, 699 N.E.2d 574), whereas another member of the Juvenile Court ruled in *In re Hunter* (1999), 99 Ohio Misc.2d 107, 716 N.E.2d 802, that a juvenile is not entitled to discovery under these circumstances. We conclude that in the absence of an order limiting discovery pursuant to Juv.R. 24(B), the juvenile is entitled to discovery which is coextensive with the issues that will determine whether the juvenile court must

transfer the case for further prosecution. Accordingly, we find that the prosecutor's assignments of error are not well taken.

The juvenile court has original jurisdiction over any person charged with committing an act while under eighteen years of age that would be an offense had it been committed by an adult. R.C. 2151.23. Under R.C. 2151.25, the juvenile court retains jurisdiction unless the court relinquishes jurisdiction pursuant to R.C. 2151.26. R.C. 2151.26(B) mandates that certain matters be transferred. Pertinent to this case is R.C. 2151.26(B)(4), which states:

"After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:

"* * *

"(4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:

"* * *

"(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."

In the case at bar, the complaint filed against A.M. contained allegations that would cause A.M. to be subject to mandatory transfer pursuant to R.C. 2151.26(B)(4). In particular, the two-count complaint alleged that A.M. was more than sixteen but less than eighteen years of age when he committed aggravated robbery, R.C. 2911.01. Under R.C. 2151.26(A)(2)(a), a violation of R.C. 2911.01 is a category two offense. The complaint also contained firearm specifications.

Before the juvenile court may relinquish its jurisdiction, the court must conduct a preliminary hearing. Juv.R. 30(A) provides:

"In any proceeding where the court considers the transfer of a case for criminal prosecution, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged and that the act would be an offense if committed by an adult. The hearing may be upon motion of the court, the prosecuting attorney, or the child."

Juv.R. 30(B) states:

"In any proceeding in which transfer of a case for criminal prosecution is required by statute upon a finding of probable cause, the order of transfer shall be entered upon a finding of probable cause."

The juvenile court has jurisdiction over the matter unless and until a transfer order is entered binding the juvenile over to the general division pursuant to R.C. 2151.26 and Juv.R. 30. In *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, the court's syllabus states:

"1. Absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent. (R.C. 2151.23, 2151.25 and 2151.26[E], applied.)

"2. The exclusive subject matter jurisdiction of the juvenile court cannot be waived." See, also, *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 195, 667 N.E.2d 1, 2–3.

R.C. 2151.26(F) states:

"Upon the transfer of a case for criminal prosecution to the appropriate court having jurisdiction of the offense under division (B) * * * of this section, the juvenile court shall state the reasons for the transfer * * *. The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code."

R.C. 2151.23(H) provides:

"If a child who is charged with an act that would be an offense if committed by an adult was fourteen years of age or older and under eighteen years of age at the time of the alleged act and if the case is transferred for criminal prosecution pursuant to section 2151.26 of the Revised Code, the juvenile court does not have jurisdiction to hear or determine the case subsequent to the transfer. The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court * * *."

Until such time as there has been a valid bindover, however, the juvenile court retains exclusive jurisdiction. See *State v. Golphin* (1998), 81 Ohio St.3d 543, 692 N.E.2d 608.

In the case at bar, the juvenile court suggested that because the preliminary hearing determines whether the juvenile is within the jurisdiction of the

[juvenile] court, the preliminary hearing constitutes an adjudicatory hearing as defined by Juv.R. 2(B) and the juvenile may therefore have discovery under Juv.R. 24. Contesting the juvenile court's ruling, the prosecutor insists that the preliminary hearing is not an adjudicatory hearing. We agree with the prosecutor that the juvenile court erred in suggesting that a preliminary hearing was an adjudicatory hearing. [P]roceedings conducted in a Juvenile Court for the purpose of determining whether or not to bind over a juvenile defendant to be tried as an adult do not constitute an adjudicatory hearing in the sense that the 'evidence is put to the trier of fact' or that jeopardy attaches. *In re Lee* (Dec. 17, 1992), Cuyahoga App. No. 63858, unreported, at 3, 1992 WL 390193. See, also, *State v. Sims* (1977), 55 Ohio App.2d 285, 9 O.O.3d 417, 380 N.E.2d 1350. The introduction of evidence of probable cause to believe the juvenile committed the alleged offense does not transform a probable cause hearing into an adjudicatory proceeding. *State v. Smith* (Aug. 21, 1997), Cuyahoga App. No. 70855, unreported, at 15, 1997 WL 476828.

■ While we agree that the juvenile court erred in equating the preliminary hearing with an adjudicatory hearing, we do not agree that the juvenile court erred in allowing the juvenile to have limited discovery in preparation for the preliminary hearing. Because the preliminary hearing at which the juvenile court will determine whether to transfer proceedings to adult court is "critically important," the hearing must "measure up to the essentials of due process and fair treatment." *Kent v. United States* (1966), 383 U.S. 541, 560, 562, 86 S.Ct. 1045, 1056, 1057, 16 L.Ed.2d 84, 97, 98. *Kent* established that a juvenile is entitled to notice and an opportunity to be heard before the juvenile court waives its jurisdiction. *Kent,* 383 U.S. at 557, 561, 86 S.Ct. at 1055, 1057, 16 L.Ed.2d at 95, 97. *Kent* further recognized that the juvenile is entitled to counsel and access to information the court would consider in deciding whether to relinquish jurisdiction over the juvenile. In that case, the information requested was the juvenile's social records:

"With respect to access by the child's counsel to the social records of the child, we deem it obvious that since these are to be considered by the Juvenile Court in making its decision to waive, they must be made available to the child's counsel. * * * [C]ounsel must be afforded to the child in waiver proceedings. Counsel, therefore, have a 'legitimate interest' in the protection of the child, and must be afforded access to these records." (Footnote omitted.) *Kent,* 383 U.S. at 562–563, 86 S.Ct. at 1057–1058, 16 L.Ed.2d at 98.

The *Kent* court explained:

"If a decision on waiver is 'critically important' it is equally of 'critical importance' that the material submitted to the judge * * * be subjected, within reasonable limits having regard to the theory of the Juvenile Court Act, to

examination, criticism and refutation. While the Juvenile Court judge may, of course, receive ex parte analyses and recommendations from his staff, he may not, for purposes of a decision on waiver, receive and rely upon secret information, whether emanating from his staff or otherwise." *Kent,* 383 U.S. at 563, 86 S.Ct. at 1058, 16 L.Ed.2d at 98.

The question here is whether the juvenile may have any discovery in preparation for the mandatory bindover hearing. The prosecutor maintains that the juvenile is not entitled to any discovery, but he does not identify any authority to support this contention. Nothing in Juv.R. 24 or any other law we have found suggests that the juvenile cannot seek discovery in preparation for the preliminary hearing.

The prosecutor argues that because the discovery available to a juvenile under Juv.R. 24 is more expansive than that which is available to an adult under Crim.R. 16, the prosecutor cannot be required to provide Juv.R. 24 discovery if the juvenile's case will be transferred to the general division, where discovery will be controlled by the more limited Crim.R. 16. The prosecutor argues that until the court which will adjudicate the charges against the juvenile is determined at the Juv.R. 30 preliminary hearing, the juvenile is not entitled to any discovery.

We see merit in the prosecutor's argument that a juvenile who will be tried as an adult should not be able to obtain discovery through Juv.R. 24 that he would not be entitled to receive under Crim.R. 16. At the same time, however, the evidence the prosecutor presents at the preliminary hearing to establish probable cause will determine whether or not the juvenile remains within the juvenile court system. The juvenile plainly has a legitimate interest in discovering the evidence that the prosecutor will offer to establish probable cause mandating transfer. We see no reason why the juvenile, in preparing for the only proceeding that will determine whether he will be tried as a juvenile or as an adult, should be denied the opportunity to discover the evidence the state will present to establish probable cause. While the discovery provided in anticipation of the mandatory bindover hearing under R.C. 2151.26(B) need not go beyond the limited issues that will be decided at the hearing, we find no support for the prosecutor's contention that the juvenile is not entitled to any discovery for that hearing.

Moreover, the juvenile's right to request discovery does not foreclose the prosecutor from seeking to limit that discovery. Juv.R. 24(B) states, in relevant part:

"Notwithstanding the provisions of subdivision (A), the court may deny, in whole or in part, or otherwise limit or set conditions on the discovery authorized by such subdivision, upon its own motion, or upon a showing by a party upon whom a request for discovery is made that granting discovery may jeopardize the safety of a party, witness, or confidential informant, result in the production of

perjured testimony or evidence, endanger the existence of physical evidence, violate a privileged communication, or impede the criminal prosecution of a minor as an adult or of an adult charged with an offense arising from the same transaction or occurrence."

Upon a proper showing, Juv.R. 24(B) authorizes the juvenile court to limit discovery. See, e.g., *State v. Metz* (June 4, 1997), Washington App. No. 96CA03, unreported, 1997 WL 305220; *In re Doss* (1994), 65 Ohio Misc.2d 8, 640 N.E.2d 618. The juvenile court's ruling will not be disturbed on appeal absent an abuse of discretion. See *State v. Crumedy* (Jan. 30, 1997), Cuyahoga App. No. 69183, unreported, 1997 WL 37790.

But the prosecutor in the case at hand did not seek to limit the scope of A.M.'s discovery requests pursuant to Juv.R. 24(B). He instead maintained that he was under no obligation to respond to the discovery requests. We can find no support for the prosecutor's position.

As a result, the juvenile court did not err in dismissing the complaint without prejudice pursuant to Juv.R. 24(C) after the prosecutor refused to respond to A.M.'s discovery requests. The prosecutor's assignments of error are therefore overruled, and the judgment is affirmed.

*Judgment affirmed.*

PATRICIA A. BLACKMON, J., concurs.

PATTON, J., dissents.

JOHN T. PATTON, Judge, dissenting.

I respectfully dissent from the majority's holding that "the juvenile court did not err in dismissing the complaint without prejudice pursuant to Juv.R. 24(C) after the prosecutor refused to respond to A.M.'s discovery requests."

The majority frames the issue in this case as "whether the juvenile may have any discovery in preparation for a mandatory bindover hearing." It specifically answers this issue saying, "[N]othing in Juv.R. 24 or any other law we have found suggests that the juvenile cannot seek discovery in preparation for the preliminary hearing." The majority's framing and answering of the issue in this manner fails to foresee the difficulties in applying its holding and does not consider the in pari materia reading of Juv.R. 24(B), Juv.R. 30(A), and R.C. 2151.26. It is obvious that at the beginning of any criminal proceeding a party may file a motion to "seek discovery in preparation." However, the critical question is whether that party is entitled to the discovery.

The majority conceded that a bindover hearing is not an adjudicative proceeding: the juvenile's guilt or innocence is not at issue. Thus, the bindover hearing need not conform with all the requirements of a criminal trial. It must measure up to the essentials of due process and fair treatment; however, the juvenile need not be afforded all the rights that he may have for trial. See *Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84.

"The philosophy of the Criminal Rules is to remove the element of gamesmanship from a trial." *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 3, 511 N.E.2d 1138, 1140. The purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial. *Id.* Moreover, the United States Supreme Court has held that "there is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey* (1977), 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 42.

All that is determined at a bindover proceeding is whether the child was fifteen years of age or older at the time the crime was committed and whether there is probable cause to believe that the juvenile committed the crime. R.C. 2151.26(A)(1)(a) and (b).

There is no case law that holds that a juvenile has a right to discovery at a bindover proceeding. However, there are several cases that have denied discovery and evidentiary motions at bindover proceedings.

In *State v. Crumedy* (Jan. 30, 1997), Cuyahoga App. No. 69183, unreported, a juvenile court overruled an appellant's motion to compel discovery stating:

"[T]he court feels that it [discovery] deals with the trial itself. And its [*sic*] certainly very important to the trial itself. But as to the probable cause hearing, the court feels that this would be a tremendous burden in every case in which a probable cause is filed if the State had to have all their evidence in their whole case together. * * * [T]he State is not required to have this information for the probable cause. So we're going to deny the motion to compel discovery at this time."

We affirmed this decision, holding that a juvenile court judge's denial of appellant's motion to compel discovery at the probable cause hearing was not prejudicial to appellant's right to a fair trial and was not arbitrary, unconscionable, or unreasonable.

In *In re Hunter* (1999), 99 Ohio Misc.2d 107, 716 N.E.2d 802, the instant juvenile court addressed the exact issue as the instant case and held that Juv.R. 24(B) is not applicable to preliminary hearings pursuant to Juv.R. 30(A) and R.C. 2151.26. The court reasoned:

"To allow pre-hearing motions under Juv.R. 22 to be heard prior to a Juv.R. 30 preliminary hearing would be cumbersome and time-consuming upon the court

and may lead to conflicting rulings on the motions. For example, the juvenile court may rule that certain evidence is exculpatory but, subsequent to the bindover, the general division court may rule that it is not exculpatory. Pretrial motions for discovery and suppression of evidence should be decided by the court which is to preside over the trial or adjudicatory hearing."

In *State v. Metz* (June 4, 1997), Washington App. No. 96 CA03, unreported the court was presented with the exact same fact scenario as the instant case. The court held that the juvenile court did not abuse its discretion in denying the appellant's motion to compel. It based this holding on the prosecution's argument that the prosecution of the appellant might be prejudiced if the state had to disclose witness statements that are subject to disclosure under Juv.R. 24, but would not be subject to disclosure under Crim.R. 16 if the appellant were bound over as an adult.

In *State v. Whisenant* (1998), 127 Ohio App.3d 75, 83, 711 N.E.2d 1016, 1021, the court addressed the juvenile court's failure to rule on a motion to suppress prior to conducting a bindover proceeding. The court, relying on *In re Ralph M.* (1989), 211 Conn. 289, 559 A.2d 179, concluded that "because the bindover proceeding is not adjudicative (the juvenile's guilt or innocence is not at issue), statutory and constitutional questions concerning the admissibility of evidence are premature and need not be addressed."

These cases illustrate the problem of providing discovery to a juvenile at a bindover proceeding. First, there would be a great burden on the state to prepare its case far in advance of an actual adjudication. In response to the juvenile's request for discovery and immediate challenge to its case, the state would be forced to present witnesses, affidavits, and other documentary evidence to support that there is probable cause. Because of the time needed for this extra preparation, a delay in the commencement of bindover proceedings would surely occur. Second, a juvenile court, which would not likely be the adjudicator, would be forced to make potentially conflicting evidentiary rulings. A juvenile court would have to decide whether certain evidence such as witness statements are subject to disclosure when such a decision would be subject to modification by a another court. This would be prejudicial to the state because it would have to disclose evidence under Juv.R. 24, which provides for more discovery, versus not having to disclose under the stricter terms of Crim.R. 16 if the juvenile was bound over. The juvenile would also be harmed because the subsequent decision to deny the admission of earlier disclosed evidence would limit his access to potentially exculpatory evidence and also force him to change defense strategy that relied upon the disclosed evidence.

Third, a bindover proceeding merely decides jurisdiction. There is no adjudication as to the juvenile's guilt or innocence. Evidence is not put to the trier of

fact and jeopardy does not attach. *In re Willie Lee* (Dec. 17, 1992), Cuyahoga App. No. 63858, unreported. Moreover, at bindover proceedings the standard of proof is probable cause. R.C. 2151.26 and Juv.R. 30. This is a lesser standard of proof than the stringent standard of proof beyond a reasonable doubt required at adjudicatory hearings and trials. Thus, where there is no adjudication and the juvenile's rights are not at issue, the juvenile should not be entitled to discovery.

Last, the majority does not consider the in pari materia reading of Juv.R. 24(B) with Juv.R. 30(A) and R.C. 2151.26. Juv.R. 30 and R.C. 2151.26 describe the relinquishment of jurisdiction as a preliminary hearing. The Ohio Supreme Court in *State v. Mitchell* (1975), 42 Ohio St.2d 447, 71 O.O.2d 417, 329 N.E.2d 682, held that motions to suppress evidence do not lie at preliminary hearings but rather become ripe for determination only after arraignment and prior to trial. The court went on to say that "preliminary hearings are not discovery proceedings * * *." *Id.* at 450, 71 O.O.2d at 419, 329 N.E.2d at 684. The Mitchell case pertained to an adult preliminary hearing pursuant to Crim.R. 5; however, both Crim.R. 5 and Juv.R. 30 pertain to probable cause determinations. This reasoning demonstrates that discovery, which is governed by Juv.R. 24, does not apply to preliminary hearings such as those described in Juv.R. 30(A) and R.C. 2151.26.

For the reasons stated above, I dissent from the majority opinion and contend that the trial court erred in dismissing the complaint without prejudice pursuant to Juv.R. 24(C).