JOURNAL ENTRY AND OPINION
{¶ 1} This matter is before this court pursuant to the Ohio Supreme Court's ruling in In Re S.J., 106 Ohio St.3d 11, 2005-Ohio-3215,829 N.E.2d 1207. This case was originally heard and dismissed by this court in In Re S.J., Cuyahoga App. No. 82106, 2003-Ohio-5071. We now revisit the matter to rule on the merits of the issues brought forth in this appeal by the State of Ohio.
 {¶ 2} The state appeals the holding of the juvenile division of the common pleas court regarding the issue of a mandatory bind-over hearing. Specifically, appellant challenges the juvenile court's decisions denying the bind over of the juvenile defendant, S.J., to the general division of the common pleas court; its subsequent dismissal of one of the state's complaints; and the amendment of the second complaint to a charge of voluntary manslaughter. After thorough review of the arguments of the parties and the applicable law, we reverse the ruling of the juvenile court.
 {¶ 3} Since the underlying facts and procedural history of this case have not changed, this court now incorporates the appropriate portion of the Ohio Supreme Court majority opinion, In Re S.J., 2005-Ohio-3215, which reads in pertinent part:
 {¶ 4} "On the afternoon of June 30, 2002, a minor, S.J., physically fought with another minor outside S.J.'s home. Witnesses later testified to seeing S.J. with a knife during the altercation.
 {¶ 5} "Soon after the fight, the other minor collapsed. Emergency rescue workers transported her to the hospital, where she was pronounced dead. An autopsy revealed that the cause of death was a stab wound under the left breast.
 {¶ 6} "The state filed a complaint in the Juvenile Division of the Cuyahoga County Court of Common Pleas, alleging that S.J. was a delinquent child because she purposefully caused the death of another, an act that would constitute the crime of murder under R.C. 2903.02(A) if committed by an adult. The state later amended the complaint to add a second charge of murder, alleging that the death occurred while S.J. was committing or attempting to commit felonious assault under R.C. 2903.02(B).
 {¶ 7} "After a mandatory-bindover hearing, the juvenile court ruled that the state had failed to establish probable cause for either murder count. The court therefore dismissed the murder charge and amended the felony-murder charge to voluntary manslaughter under R.C. 2903.03.
 {¶ 8} "The next morning, the state filed a notice of appeal from the juvenile court's rulings in the mandatory bindover hearing. The state immediately notified the juvenile court of the appeal and moved for a stay and a continuance. The juvenile court denied the state's motions, reasoning that the state lacked a final order to appeal. The state then objected to the court's proceeding with adjudication `without jurisdiction.' The court nevertheless accepted S.J.'s admission to the amended charge of voluntary manslaughter and declared S.J. delinquent. The court committed S.J. to the custody of the Ohio Department of Youth Services for at least three years.
 {¶ 9} "S.J. filed a motion to dismiss the appeal, and the court of appeals granted the motion, ruling, `Any appeal of the probable cause findings made in the mandatory bind-over proceedings now would be moot.' The court [of appeals] held that jeopardy attached when the juvenile court proceeded to adjudicate S.J. a delinquent, and therefore regardless of the merits of the state's appeal, S.J. could never be tried as an adult." Id.
 {¶ 10} Appellant subsequently appealed this decision to the Ohio Supreme Court, which heard the discretionary appeal and held that the juvenile court's adjudication of S.J. was void. They further held that the appeals court did have the power to review the juvenile court's rulings on the mandatory bind-over proceedings.
 {¶ 11} We now review the state's appeal, which asserts the following three assignments of error:
 {¶ 12} "I. The juvenile court exceeded its jurisdiction during the mandatory bindover hearing by allowing the testimony of a psychologist and social worker.
 {¶ 13} "II. The juvenile court erred in failing to bind over appellee.
 {¶ 14} "III. The juvenile court erred in dismissing the charge of murder and thus refusing to bindover appellee."
 {¶ 15} In its first assignment of error, the state contends that the juvenile court erred in allowing testimony at the bind-over hearing from a psychologist and a social worker. This argument fails. The Ohio Supreme Court has held that the defense may introduce exculpatory evidence to disprove any element of the crime charged at a mandatory bind-over proceeding in order to defeat a showing of probable cause. State v.Iacona, 93 Ohio St.3d 83, 2001-Ohio-1292, 752 N.E.2d 937. Here, the testimony offered by the defense was offered to disprove the element of intent; thus, the juvenile court did not err in allowing the testimony.
 {¶ 16} In its second assignment of error, which is dispositive of this appeal, the state argues that the juvenile court erred in failing to bind over the juvenile. To rule on this assignment of error, this court must determine whether the state has sufficiently shown probable cause of every element of the crimes charged. Juv.R. 30, which governs the bind-over proceedings when the state wishes to charge a juvenile as an adult, reads in pertinent part:
 {¶ 17} "(B) Mandatory transfer. In any proceeding in which transfer of a case for criminal prosecution is required by statute upon a finding of probable cause, the order of transfer shall be entered upon a finding of probable cause." (Emphasis added.)
 {¶ 18} In this case, the state originally filed for a mandatory bind over pursuant to R.C. 2152.12(A)(1), (formally R.C. 2151.26), which reads in pertinent part:
 {¶ 19} "(A)(1)(a) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shall
transfer the case if the child was sixteen or seventeen years of age at the time of the act charged and there is probable cause to believe that the child committed the act charged." (Emphasis added.)
 {¶ 20} It is undisputed that the juvenile's date of birth is January 27, 1985, and that the fatal stabbing occurred on June 30, 2002. Therefore, the juvenile was the requisite 17 years of age at the time of the offense. The state also charged the juvenile with two counts of murder, another requirement of the statute. All that remains to mandate the bind over of this juvenile defendant is a showing of probable cause
that she committed the crimes as charged.
 {¶ 21} The juvenile court, in rendering its decision not to bind over this juvenile, held that the state had not made the necessary showing of probable cause as to either count of murder. Rather, it found that the state proved probable cause only for the crime of involuntary manslaughter. The juvenile court based its ruling on the fact that it did not believe the juvenile could have formed the necessary intent to prove that element of the crime of murder. The state disagrees with that determination and argues that it has at least shown probable cause for the crime of murder.
 {¶ 22} The dispositive determination left for this court is the following: Did the state make the necessary showing of probable cause that the juvenile committed the crime of murder — i.e. the purposeful killing of another?
 {¶ 23} In making this determination, we are again guided by the Ohio Supreme Court's ruling in Iacona:
 {¶ 24} "[A] juvenile court at a bindover hearing need not `"find as a fact that the accused minor is guilty of the offense charged. It simply finds the existence of probable cause to so believe,"' quoting State v.Whiteside (1982), 6 Ohio App.3d 30, 36, 6 Ohio B. Rep. 140, 146,452 N.E.2d 332, 338. The juvenile court in the case at bar described its responsibility in considering the issue of probable cause as being an obligation to determine whether there is `some credible evidence as to each and every element of the offense.' The court of appeals, on the other hand, defined `probable cause' as `a flexible concept, grounded in probabilities, requiring more than a mere suspicion of guilt but a degree of proof less than that required to sustain a conviction,' citingBrinegar v. United States (1949), 338 U.S. 160, 175, 69 S.Ct. 1302,1310-1311, 93 L.Ed. 1879, 1890. These two standards, while subtly different, are not irreconcilable.
 {¶ 25} "We hold that the state must provide credible evidence of every element of an offense to support a finding that probable cause exists to believe that the juvenile committed the offense before ordering mandatory waiver of juvenile court jurisdiction pursuant to R.C. 2151.26(B). SeeZarzycki, A Current Look at Ohio's Juvenile Justice System on the 100th
Anniversary of the Juvenile Court (1999), 47 Cleve.St.L.Rev. 627, 647. In meeting this standard the state must produce evidence that raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt.
 {¶ 26} "Accordingly, in determining the existence of probable cause the juvenile court must evaluate the quality of the evidence presented by the state in supporting probable cause as well as any evidence by the respondent that attacks probable cause. See Kent, 383 U.S. at 563, 86
S.Ct. At 1058, 16 L.Ed.2d at 98." State v. Iacona, at 93.
 {¶ 27} In the case at bar, the record indicates that the juvenile defendant did in fact cause the death of the victim by stabbing her in the chest. The question then turns to whether probable cause was shown that she had the capacity to form the requisite intent of a "purposeful" killing to sustain a prosecution for murder. Both the prosecution and the defense presented credible arguments at the bind-over hearing showing the juvenile could or could not have formed the necessary intent. The state, however, must simply make a showing of probable cause to satisfy the statutory requirements to invoke a mandatory bind over and force the juvenile court to transfer this particular juvenile to the adult system.
 {¶ 28} The facts that the state presented in support of probable cause for the murder charges centered around the stabbing incident itself. The victim of this stabbing was a 16-year-old girl. The record indicates that the two girls had met several years prior. The record further indicates that on June 30, 2002, the victim called appellee and told her she was coming by to pick up her "stuff." When the victim arrived at appellee's home, appellee threw a bag of the victim's personal belongings out the window. Then the evidence demonstrates that appellee, on her own accord, grabbed a knife and went outside to confront the victim, where a fight ensued. Further testimony stated that the victim asked to be let up after appellee had pinned her to the ground. When appellee verbally agreed to let her up, she instead slammed the victim's head into some bricks and then kicked her in the face. The fight continued and, at some point, appellee stabbed the victim in the chest with the knife. The state offered eye witness testimony to the stabbing, and the witnesses reported that the victim fell to the ground and was dead. Based on these facts, the state has a strong case that there is at least a probable cause showing that appellee acted "purposefully," sustaining a prosecution for murder.
 {¶ 29} This court also recognizes that the defense presented compelling evidence contending that the appellee was incapable of forming the requisite intent to commit murder. This evidence was presented by two defense witnesses: Dr. John Konieczny, a psychological consultant for the Juvenile Court Diagnostic Services, and Lynn Rivers, a social worker from the Sexual Abuse Unit of the Cuyahoga County Department of Human Services, who had been involved with the appellee for five years. Both of these witnesses presented numerous reasons why the appellee was unable to form the necessary intent, including factors such as: a low I.Q. and mild mental retardation; a documented history of being sexually abused by multiple family members beginning at the age of four — with the last rape occurring at gunpoint after appellee had been sold to the rapist for drugs; a pattern of hiding knives to protect herself due to her past traumas; a diagnosis of post-traumatic stress disorder; etc.
 {¶ 30} While noting that the defense did present some compelling evidence challenging the intent element of the crime of murder, we now hold that such evidence is not sufficient to negate the state's showing of probable cause in this case.
 {¶ 31} At a bind-over hearing, prior to binding the juvenile over to the common pleas court, the court must "find some credible evidence as to each and every element of the offense." (Emphasis added.) State v.Iacona, at 95. That evidence must be credible, not unassailable. Id. at 96. Furthermore, "determination of the merits of the competing prosecution and defense theories, both of which were credible, ultimately [is] a matter for a fact finder at trial." Id. at 96. Although the testimony presented by the defense may support the contention that appellee lacked the capability of a "purposeful" killing, the fact that she took the affirmative action to take a knife outside to what she knew would be an altercation alone provides credible evidence to sufficiently compete on the question of whether she did act "purposefully." This case, in the end, should be decided by a fact finder at trial.
 {¶ 32} Appellant's second assignment of error is therefore sustained, and we hold that the juvenile court did err in failing to bind over appellee to the adult system. Because this finding is dispositive of this matter, we decline to address appellant's final assignment of error. For the above-stated reasons, we reverse the ruling of the trial court and remand the matter for the juvenile court to take the appropriate actions in accordance with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Rocco, J., Concur.