{¶ 1} Defendant-appellant Sonya Jones appeals from her conviction and sentence after she entered a guilty plea to a charge of involuntary manslaughter in the Cuyahoga Court of Common Pleas, General Division.
 {¶ 2} As to her sentence, appellant argues the trial court erred when it failed to explicitly state in its judgment entry that appellant should be given credit for her time in Ohio Department of Youth Services ("ODYS") detention. The state *Page 3 
concedes appellant's argument regarding her sentence.
 {¶ 3} As to her conviction, appellant asserts R.C. 2151.10(A), the law that provides for "mandatory bind-over" to adult criminal court of juveniles over the age of sixteen who are accused of committing certain offenses, is unconstitutional on three different grounds. She claims it violates her rights to equal protection and due process of law, and it violates the Separation of Powers doctrine.
 {¶ 4} A review of the record, however, reveals appellant never raised any constitutional arguments in the trial court. Since she had every opportunity to do so prior to entering her plea, she has waived those arguments for purposes of this appeal.
 {¶ 5} Consequently, her conviction is affirmed. This case is remanded to the trial court solely for correction of the journal entry of sentence to reflect appellant's "credit for time served" includes the time of her ODYS detention.
 {¶ 6} This court twice has considered appellant's case previously. In 2002, when appellant was seventeen-years old, the state originally alleged in the Cuyahoga Court of Common Pleas, Juvenile Division, that appellant committed an offense which, if committed by an adult, constituted the crimes of murder and/or felony murder.
 {¶ 7} Following the hearing conducted pursuant to Juv.R. 30, the juvenile court ruled that the state had failed to establish probable cause for a mandatory *Page 4 
bind-over. The juvenile court dismissed the murder charge and amended the felony murder charge to that of involuntary manslaughter. Although the state immediately filed a notice of appeal from its decisions, the juvenile court nevertheless proceeded to accept appellant's plea to the amended charge and to commit her to the ODYS.
 {¶ 8} This court subsequently dismissed the state's appeal on the grounds that "jeopardy" attached when the juvenile court proceeded with the adjudication, rendering any challenge to the juvenile court's probable cause findings "moot." In re: S.J., Cuyahoga App. No. 82106, 2003-Ohio-5071 ("S. J. I"). The state then appealed that dismissal. Subsequently, the Ohio Supreme Court reversed and remanded the case to this court for a consideration of the merits of the state's original appeal. In re: S.J., 106 Ohio St.3d 11, 2005-Ohio-3215.
 {¶ 9} On remand, this court determined the state had made the requisite showing to mandate the bind-over of appellant's case from juvenile court. In re: S.J., Cuyahoga App. No. 82106, 2005-Ohio-6353, 4|32 ("S.J. II"). Upon receiving that decision, in January 2006, the state filed an indictment against appellant in the Cuyahoga County Court of Common Pleas, General Division, that charged her as an adult with two alternative counts of murder.
 {¶ 10} Although appellant sought review of the decision in S.J.II, the supreme court issued an order on April 26, 2006 that declined to accept her appeal. In re: S.J., 109 Ohio St.3d 1425, 2006-Ohio-1967. *Page 5 
 {¶ 11} On May 25, 2006 the trial court conducted a plea hearing in appellant's case. In exchange for the state's amendment of the first count to charge the crime of involuntary manslaughter and its dismissal of the second count, appellant agreed to enter a plea of guilty to the amended indictment. The trial court conducted a thorough colloquy prior to accepting appellant's plea.
 {¶ 12} On June 15, 2006 the trial court imposed upon appellant for her conviction a prison sentence of eight years, with "jail credit days to date to be calculated by the Sheriff."
 {¶ 13} Appellant now challenges her conviction and the journal entry of sentence with four assignments of error.
 {¶ 14} "I. The trial court erred when it failed to credit the days Sonya Jones was held in detention, the Department of Youth Services, and county jail toward the balance of her sentence to the Department of Rehabilitation and Correction.
 {¶ 15} "II. Mandatory transfer violates a juvenile's right to equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Ohio Constitution.
 {¶ 16} "III. Mandatory transfer violates a juvenile's right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution.
 {¶ 17} "IV. Mandatory transfer violates the Separation of Powers Doctrine." *Page 6 
 {¶ 18} Appellant argues in her first assignment of error that the trial court's journal entry was incomplete because it failed to explicitly state that she must be given credit for the time she spent while committed to the ODYS. She asserts the journal entry should state she is entitled to a time-served credit total of 1456 days for the period.
 {¶ 19} The state concedes both appellant's argument and her calculation.
 {¶ 20} Therefore, this case is remanded to the trial court for correction of the journal entry of sentence to reflect that appellant is given time-served credit for 1456 days.
 {¶ 21} Appellant argues in her second, third and fourth assignments of error that, R.C. 2152.10(A), the law that provides for mandatory bind-over of juveniles in her position, violates several federal and state constitutional provisions.
 {¶ 22} However, the record reflects appellant never presented in the trial court any argument that challenged the proceedings based upon the unconstitutionality of R.C. 2151.10(A).
 {¶ 23} In State v. Awan (1986), 22 Ohio St.3d 120, the Ohio Supreme Court states at the syllabus that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Page 7 
 {¶ 24} Appellant asserts the statute's unconstitutionality deprived the trial court of subject matter jurisdiction. Nevertheless, the supreme court addressed this assertion in its analysis in Awan by holding that the "trial court's subject matter jurisdiction is derived from the power which created it," and since R.C. 2901.11, which provides for the criminal court's "basic jurisdiction," is entitled to a presumption of constitutionality, "the trial court had jurisdiction to hear the cause, including any constitutional attacks, and to apply the law to the facts at hand." Id., at 123.
 {¶ 25} Appellant attempts to overcome her failure to raise these issues by claiming that the juvenile court retained exclusive subject matter jurisdiction by virtue of her age when she committed the act. The supreme court has impliedly rejected her claim.
 {¶ 26} In State v. Wilson, 73 Ohio St.3d 40, 1995-Ohio-217, the court acknowledged that the juvenile court's subject matter jurisdiction over a child is "exclusive." Thus, it "cannot be waived" and the prosecution of a minor in adult court is a "nullity" unless a proper bind-over hasoccurred. Id. at 44. Since the supreme court declined to hear appellant's appeal of this court's decision in In re: S.J. II, the supreme court must have concluded that the bind-over of her case was proper.
 {¶ 27} Appellant had every opportunity to raise the constitutionality of R.C. *Page 8 2151.10(A) in the trial court; indeed, this was the appropriate forum. R.C. 2151.23(H); cf., In re: A. M. (2000), 139 Ohio App.3d 303.
 {¶ 28} Appellant's failure to do so has waived the argument for purposes of this appeal. State v. Awan, supra. Consequently, her second, third and fourth assignments of error are overruled.
 {¶ 29} Appellant's conviction is affirmed.
 {¶ 30} The case is remanded to the trial court solely for correction of the journal entry of sentence consistent with this court's disposition of appellant's first assignment of error.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J. and PATRICIA ANN BLACKMON, J. CONCUR. *Page 1